```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                         CHARLESTON
```

**GLENN DENNIS GIBSON,**

       **Plaintiff**,

v.                                              Civil Action No. 2:03-cv-02422

**FARMERS TEXAS COUNTY MUTUAL
INSURANCE COMPANY,**

       **Defendant.**

<u>**MEMORANDUM OPINION AND ORDER**</u>

    Defendant, Farmers Texas County Mutual Insurance Company ("Farmers"), filed a Motion to Compel and for Sanctions and a supporting memorandum on May 2, 2005. (Docket # 43-1, 43-2, 44.) In said Motion, Farmers states that Plaintiff, Glenn Dennis Gibson ("Gibson"), has failed to respond to interrogatories and requests for production served on March 18, 2005, and that, despite good faith efforts to resolve the dispute, Gibson still has not responded. Gibson has not filed a written response to the Motion.

    Defendant correctly cites Rule 37(a)(2)(B), Federal Rules of Civil Procedure, which authorizes its Motion to Compel, and Gibson will be required to respond to discovery as set forth below. However, Farmers cannot be accommodated with respect to the timing of these compelled responses. Farmers' Motion advises that the discovery deadline was May 20, 2005 and requests that the court

"require Plaintiff to respond in a sufficient amount of time to allow Farmers to conduct any discovery the responses may lead its counsel to believe is desirable before May 20, 2005." (Docket # 44, p. 3, footnote 2.)  Farmers did not file its Motion until May 2, 2005, and served the motion upon Gibson by U.S. Mail.  Allowing Gibson the three-day mailing time allotted by Rule 6(e) and the fourteen-day reply time allotted by Local Rule of Civil Procedure 4.01(c), (and assuming Farmers would waive the seven-day response period allotted by 4.01(c) in the interest of time), this matter only became ripe for decision on May 19, 2005.  Even had the court ruled on that date, it could not have expected Gibson to provide responses in less than 24 hours.  The timing of Farmers' Motion prevented it from having this information prior to the close of discovery.

  Farmers is within its rights under Rule 37(a)(4)(A) to seek attorney's fees and costs associated with bringing its Motion.  However, a subsequent motion filed by Plaintiff's counsel acknowledges the duty to respond and explains that Plaintiff's counsel suffers from a debilitating injury which restricts his ability to work.  Accordingly, the court will not impose fees or costs. However, Gibson is warned that any future failure to participate in discovery, or any violation of court orders, may result in imposition of sanctions, including but not limited to awards of costs and fees, limitation of evidence or admission of

certain matters, striking of pleadings, contempt of court, monetary sanctions, and default judgment.

Defendant's Motion to Compel and for Sanctions (docket # 43-1, 43-2) is **GRANTED IN PART AND DENIED IN PART**. It is hereby **ORDERED** that Plaintiff Gibson shall provide responses to all outstanding discovery within 14 days of the date of this Order. The request for attorney's fees and costs is **DENIED**.

The Clerk is instructed to transmit copies of this written opinion and order to all counsel of record.

**ENTER** this 2nd day of June, 2005.

Mary E. Stanley
United States Magistrate Judge

3